# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In the Matter of the Complaint of )
RQM, LLC, Owner of the Motor Yacht ) Case No. 10 CV 05520
BAD INFLUENCE II, for Exoneration )
From or Limitation of Liability, )
                                                    )
                Plaintiff. ) In Admiralty

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On October 12, 2010, Scot Vandenberg and Patricia Vandenberg filed a Motion Pursuant to the Savings to Suitors Clause to Dissolve the Injunction Granted to RQM, LLC. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

On March 12, 2010, Scot Vandenberg and Patricia Vandenberg filed a lawsuit in the Circuit Court of Cook County against RQM, LLC ("RQM"), Brunswick Corporation, and Brunswick Boat Group (a division of Brunswick Corporation) (together, "Brunswick"). The Vandenbergs' lawsuit arises out of an incident that took place on September 1, 2009 during an event that Mr. Vandenberg's employer, Trace Ambulance, Inc., sponsored on a motor yacht that it chartered from RQM. At that event, Mr. Vandenberg fell from the yacht's stern top deck to its stern well deck and sustained serious injuries.

Seeking the protections provided in the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30505 *et seq*, and in accordance with the Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F ("Rule F"), RQM initiated a limitation proceeding in federal court on August 31, 2010 by filing a Complaint for Exoneration From or Limitation of Liability. In accordance with Rule F, RQM deposited a security with the Court in

the amount of $1,624,000 – the proffered fair market value of the yacht ($1,450,000), plus an interest rate of six percent (6%) per annum for two years – for the benefit of claimants. The Court issued an Order for Notice and Injunction on September 3, 2010, enjoining the initiation or prosecution of any action or proceeding against RQM or the motor yacht involved in the incident; as such, the Court's Order stayed the Vandenberg's state court proceeding.

Three claimants responded to the Complaint: Scot and Patricia Vandenberg, and Brunswick. In their response, the Vandenbergs allege various tort and related state law claims against RQM and Brunswick,[1] and seek damages of fifty million dollars ($50,000,000). The Vandenbergs simultaneously filed a Motion to Dissolve the Injunction.

## LEGAL STANDARD

> "[S]tate courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455, 121 S.Ct. 993, 148 L.E.2d 931 (2001).

"State courts ordinarily may resolve claims by victims of torts, but the state litigation must give way to the extent necessary to protect any rights of maritime parties to limitation of liability, for on that subject federal jurisdiction is exclusive." *In re Holly Marine Towing, Inc.*, 8 Fed. Appx. 565, 2001 WL 488906, at *1 (7th Cir. May 4, 2001) (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)); *see also* 28 U.S.C. § 1331(1) (federal district courts have "original jurisdiction, exclusive of the courts of the States, of ... any case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled"). A vessel's owner has the right to pursue an

---

[1] The Court presumes – although it cannot say with certainty – that these are identical to the claims the Vandenbergs allege in their state law action.

2

action in federal court limiting its liability for any damage or injury sustained in connection with its vessel under the Shipowner's Limitation of Liability Act ("Limitation Act"), 46 U.S.C. §§ 30501 *et seq.*, which limits a shipowner's liability to the value of the ship and its cargo, so long as the owner proves that the acts and losses were "done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b); *see also Lewis*, 531 U.S. at 453 ("By its own terms, the Limitation Act protects the right of vessel owners to limit their liability to the value of the vessel, provided that the events or circumstances giving rise to the damage occurred without the vessel owner's privity or knowledge."). "[D]etermining whether a shipowner qualifies for limited liability takes time. To protect the potentially qualified shipowner during that time, the Limitation Act requires that 'when an action has been brought under this section . . . all claims and proceedings against the owner related to the matter in question shall cease.'" *American River Transp. Co. v. Ryan*, 579 F.3d 820, 822 (7th Cir. 2009) (citing 46 U.S.C. § 30511(c)).

The Supreme Court and the Seventh Circuit recognize two situations in which a district court should dissolve a Limitation Act injunction and allow the state court action to proceed: (1) the "single claimant" exception; and (2) the "adequate fund" exception. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154, 77 S.Ct. 1269, 1 L.E.2d 1246 (1957); *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *see also In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007). As its name suggests, the "single claimant" exception exists when there is only a single claimant asserting its claim(s) against the shipowner – in that case, the Supreme Court has held that there is no need for the "peculiar and exclusive jurisdiction of an admiralty court," and the district court should allow the action to proceed in state court, while

3

retaining exclusive jurisdiction over the question of liability limitation. *Langnes*, 282 U.S. at 541-42. The Supreme Court reasoned that for a district court to retain the suit when a state court could afford relief "would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a common law remedy; [whereas] to remit the cause to the state court would be to preserve the rights of both parties." *Illinois Marine*, 498 F.3d at 650 (citing *Langnes*, 282 U.S. at 541). The "adequate fund" exception applies when there are multiple claimants and the value of the vessel and its freight exceed the value of their combined claims against the vessel owner. *Lake Tankers*, 354 U.S. at 152. In that case, the state court proceeding "could have no possible effect on the petitioner's claim for liability" and thus obviates the need for a Limitation Act proceeding. *Id*. at 153.

District courts have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. *Lewis*, 531 U.S. at 454. "[W]here ... the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion." *Id*.; *see also Illinois Marine*, 498 F.3d at 650 ("district courts should have discretion to retain a limitation action or allow the case to proceed in state court"). "The 'savings to suitors' clause [in 28 U.S.C. § 1331(1)], as interpreted in *Lewis*, reserves for [petitioner] the right to pursue her claim in state court if the owner fails to prove its right to limited liability." *American River*, 579 F.3d at 825-26 (citing *In re McCarthy Brothers Co.*, 83 F.3d 821, 826-27 (7th Cir. 1996)).

**ANALYSIS**

In the pending motion, the Vandenbergs ask the Court to dissolve the injunction entered on September 3, 2010 so that their state court lawsuit may proceed. The Vandenbergs concede

that the "adequate fund" exception does not apply in this case. Indeed, given the Vandenbergs' fifty million dollar damages claim, and the $1,624,000 present value of RQM's limitation fund, the adequate fund exception could not apply. The Vandenbergs contend, however, that the Court should apply the "single claimant" exception because they have proffered stipulations that allegedly perform two functions: (1) consolidate their individual claims so that the Court may instead consider them "one claimant"[2]; and (2) adequately protect RQM by stipulating that their claims against RQM would not exceed the liability limitations that the Court ultimately determines. In their reply brief, the Vandenbergs acknowledge Brunswick's claim and submit new stipulations that, they contend, obviate the Court's need to find that Brunswick is a second "claimant" at this juncture. RQM and Brunswick object to the Vandenbergs' motion and argue that the "single claimant" exception cannot apply because Brunswick is a claimant and will not stipulate to limit its potential claim against RQM. RQM and Brunswick made additional arguments in opposition to the Vandenbergs' motion, which the Court need not reach because the "single claimant" matter is dispositive.

The Limitation Act's primary concern is to ensure "beyond doubt that [the owner's] right of limitation under the Act [i]s fully protected." *Lewis*, 531 U.S. at 450 (citing *Lake Tankers Corp.*, 354 U.S. at 151). The Act is a "protective instrument" for vessel owners, and is not to be used as an "offensive weapon by which the shipowner could deprive suitors of their common-

---

[2] The Vandenbergs' motion appears to have been originally filed on October 8, 2010 – four days before the deadline to file an answer to RQM's Complaint for Exoneration From or Limitation of Liability. At that time, no other claimants had filed a response. Brunswick filed a response to RQM's Complaint on October 12, 2010. The Vandenbergs appear to have simply refiled their October 8 motion on October 12, 2010, which explains why it does not acknowledge Brunswick's claim.

law rights." *Id*. at 451 (citation omitted). As the Vandenbergs correctly note, Seventh Circuit law permits district courts to dissolve injunctions in multiple claimant cases where the value of the combined claims exceed the value of the vessel, provided the claimants "form adequate stipulations that ensure that all limitation issues will be decided in federal court." *Illinois Marine*, 498 F.3d at 652. Stated another way, "proper stipulations can transform multiple claims into a single claim for purposes of determining liability in state court." *Id*. Under those circumstances, "a vessel owner's rights are preserved and a concursus[3] is unnecessary." *Id*. at 652.

The Supreme Court and the Seventh Circuit have upheld dissolutions of injunctions where claimants' stipulations adequately protected vessel owners' rights. *See, e.g., Lewis*, 531 U.S. at 455; *Illinois Marine*, 498 F.3d at 652, 654; *In re McCarthy Brothers Co.*, 83 F.3d 821, 832 (7th Cir. 1996). That scenario does not present itself here. Rather, this case is similarly postured to *In re Holly Marine Towing, Inc.*, 270 F.3d 1086 (7th Cir. 2001), in which the Seventh Circuit found that the district court abused its discretion when it partially dissolved the injunction against the shipowner on the basis of some – but not all – of the claimants' stipulations.

In *Holly Marine*, two construction company employees were injured (one fatally) while operating a crane on a barge that their company had chartered from Holly Marine. The employees sued their employer, the crane manufacturer and Holly Marine for negligence and related torts in state court in Illinois. Holly Marine initiated a Limitation Act proceeding in

---

[3] The Limitation Act's requirement that the federal district court adjudicate both the question of liability and whether limitation is appropriate in cases with multiple claimants is commonly referred to as the "concursus requirement." *Id*. at 649.

federal district court and obtained an injunction of the state court proceeding. The employees and the crane manufacturer submitted claims in a timely fashion; the crane manufacturer's claim was strictly for contribution from Holly Marine as a joint tortfeasor should the employees obtain a judgment against it for its role in the incident. *Id*. at 1087-88. The employees moved to dissolve the injunction, and stipulated that they would "neither ask the state court to resolve any issue concerning the limitation of Holly's liability nor seek to enforce any judgment they obtain in state court against [crane manufacturer] JLG to the extent that such enforcement would expose Holly to liability in excess of its stake in the barge by reason of JLG's seeking contribution from Holly." *Id*. at 1088. The crane operator provided no such stipulation – an omission that proved fatal. The court reiterated Supreme Court and Seventh Circuit law holding that "if the amount paid into court by the shipowner exceeds the tort claims against him, or if *all* the claimants stipulate that their claims will not subject him to liability beyond that amount, then he is fully protected, and, even if there are multiple claimants, the suits can continue in state court without endangering any interest that the act protects." *Id*. at 1090 (emphasis added) (citations omitted). "Because of the absence of a stipulation from JLG," the Seventh Circuit held, "Holly cannot be certain what the outcome of the postponed limitation hearing will be, and so it will be obliged to defend itself in state court against [the two employees] . . . in an effort to minimize any potential liability. In these circumstances, the partial dissolution of the injunction deprived Holly of its statutory rights." *Id*. at 1090.

In *Holly Marine*, as here, a defendant in the state court lawsuit filed a contribution claim in the Limitation Act proceeding. There, as here, the contribution claimant failed to submit a stipulation protecting the vessel owner's right to limit its liability in a federal court action. In

7

this case, Brunswick is explicitly refusing to so stipulate, likely because of theسsizable difference between the Vandenbergs' fifty million dollar ($50,000,000) damages claim against Brunswick and RQM, and the proffered value of RQM's yacht ($1,450,000). Without Brunswick's assurance that it will not seek contribution or indemnification from RQM in excess of the limitation fund that the Court ultimately determines, the Court cannot find that RQM's right to limitation of liability is adequately protected.

The Court must reconcile the Vandenbergs' right to their remedy under the savings to suitors clause with RQM's right to seek limited liability under the Limitation Act. In order to dissolve the injunction order this Court entered on September 3, 2010, the Court must conclude that RQM's right to seek limitation of liability would be adequately protected in the state court proceedings. Given Brunswick's refusal to stipulate to this protection, the Court cannot make this finding. The Vandenbergs' motion to dissolve the injunction is therefore denied without prejudice.

The Court's ruling on this motion does not address the separate question of whether RQM has the right to claim the benefits of the Limitation Act. The Limitation Act is only intended to protect "innocent shipowners and investors who were sued for damages caused through no fault or neglect of their own." *Great Lakes Dredge & Dock Co. v. City of Chicago*, 3 F.3d 225, 231 (7th Cir. 1993) (quoting *American Car & Foundry Co. v. Brassert*, 289 U.S. 261, 264, 53 S.Ct. 618, 77 L.Ed. 1162 (1993)). "The shipowner has the ultimate burden of proving lack of privity or knowledge in federal court." *McCarthy Bros.*, 83 F.3d at 827 (citing *In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1303 (7th Cir. 1992)). "Where the shipowner fails to establish lack of privity or knowledge, the federal court lacks the power under the Limitation Act

to limit his liability, and the federal court must relinquish exclusive jurisdiction and allow the claimant to proceed in state court." *Id.* at 827 (quoting *Joyce v. Joyce*, 975 F.2d 379, 385 (7th Cir. 1992)).  Therefore, the Court orders the parties to submit a joint proposed discovery plan to the Court on or before January 26, 2011 so that limited discovery on the narrow question of RQM's "lack of privity or knowledge" may proceed.

## CONCLUSION

The Court, in its discretion, denies the Vandenbergs' motion to dissolve the September 3, 2010 injunction without prejudice.  The Court orders the parties to file a joint proposed discovery plan on or before January 26, 2011 that will facilitate limited discovery on the dispositive issue of whether RQM lacked "privity or knowledge," as statutorily required under 46 U.S.C. § 30505.

**Dated:** January 12, 2011

**ENTERED**

*[signature]*

**AMY J. ST. EVE**
**United States District Judge**

9