# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5520 | **DATE** | 1/12/2012 |
| **CASE TITLE** | In Re: RQM, LLC | | |

**DOCKET ENTRY TEXT**

The Vandenbergs are ordered to immediately cease any actions in furtherance of their prosecution of any claims relating to or arising out of the September 1, 2009 accident, as explained more fully in the enclosed minute order. Accordingly, RQM's motion [164] is granted in part.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Before the Court is RQM, LLC's Motion to Enforce the Injunction of State Court Proceedings Pursuant to the Limitation Act. (R. 164.) The Court grants the Motion in part as described below.

### BACKGROUND

     This action arises out of injuries that Scot Vandenberg sustained on September 1, 2009, aboard the motor yacht "Bad Influence II," during a voyage sponsored by his employer, Trace Ambulance, Inc. On March 12, 2010, Scot Vandenberg and Patricia Vandenberg (the "Vandenbergs") filed a state court action against, among others, RQM, LLC, the entity from which Trace Ambulance, Inc. chartered the yacht. Thereafter, on August 31, 2010, RQM, LLC filed a Complaint in this Court, seeking exoneration from or limitation of liability, pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30505 *et seq.*, and in accordance with the Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On September 3, 2010, based on RQM, LLC's application, the Court stayed the Vandenbergs' underlying 2010 state court proceeding, and further ordered:

> [t]hat each and every person or other entity claiming any losses, injuries, deaths, expenses or damages by or in consequence of the matters and things set forth in the Complaint be and they hereby are enjoined . . . from instituting or prosecuting any action in any Court, or taking any legal proceedings whatsoever in any proceedings other than this one, for any losses, injuries, deaths, expenses or damages occasioned by or in consequence of the accident referred to in said Complaint.

(R. 14, 9/3/11 Order ¶ 4 (the "Injunction").) The Vandenbergs subsequently moved unsuccessfully to dissolve the Injunction. (R. 55, 56.)

On August 31, 2011, despite the Injunction, the Vandenbergs filed a new action in state court, seeking to recover damages arising out of the same accident aboard the Bad Influence II on September 1, 2009, but as against different defendants, including RQM, Inc. (to be distinguished from RQM, LLC) and Juan Castro, the captain of Bad Influence II. (*See* R. 164, RQM, LLC Mot. at 2, Ex. C (*Vandenberg v. Castro*, No. L009119, Compl. (Cook Cnty. Cir. Ct. Aug. 31, 2011)).)

## DISCUSSION

In the present motion, RQM, LLC argues that "the Vandenbergs violated the Injunction when they filed their new state court action." (*Id.* at 5.) The Court agrees, and indeed the Vandenbergs do not argue to the contrary in their response.[1] (R. 169.) The Vandenbergs' initiation of a second state court action in 2011 – seeking damages in connection with the September 1, 2009 incident aboard the Bad Influence II – falls squarely within the Injunction's prohibition on "instituting or prosecuting any action in any Court, or taking any legal proceedings whatsoever in any proceedings other than this one, for any losses, injuries, deaths, expenses or damages occasioned by or in consequence of the accident referred to in said Complaint." (R. 14, Injunction ¶ 4.)

---

[1]The sole argument that the Vandenbergs advance in their response is that the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining their 2011 state court action. The Vandenbergs' argument is misplaced. It is well-settled that a district court's authority to enjoin state court proceedings under the Shipowners' Liability Limitations Act supercedes the general prohibition in the Anti-Injunction Act. *See, e.g.*, *In re Paradise Parasail, Inc.*, No. 11-CV-319, 2011 WL 3897859, at *1-2 (M.D. Fla. June 27, 2011) (R&R) ("An injunction is expressly authorized by the Limitation Act and thus may issue against state-court proceedings despite the usual ban of the Anti–Injunction Act"), *adopted* 2011 WL 3897958 (M.D. Fla. Sept. 6, 2011); *In re J.E. Brenneman Co., Inc.*, 277 F. Supp. 518, 520-21 & n. 3 (E.D. Pa. June 26, 2003) (citing *Providence v. Hill*, 109 U.S. 578, 3 S. Ct. 379, 27 L. Ed. 1038 (1883); *Mitchum v. Foster*, 407 U.S. 225, 234-35 n.13, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972)); *accord Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001) (stating that a district court has discretion under the Limitations Act to enjoin state court proceedings). Nonetheless, even if the Vandenbergs are correct, nothing in this Order would enjoin any state court proceedings, and therefore the Anti-Injunction Act does not apply.

## CONCLUSION

Accordingly, pursuant to the Injunction, the Vandenbergs are **ORDERED TO IMMEDIATELY CEASE** any actions in furtherance of their prosecution of any claims relating to or arising out of the September 1, 2009 accident referred to in the Complaint, including their prosecution of *Vandenberg v. Castro*, No. L009119, in the Cook County Circuit Court. The Vandenbergs need not dismiss Case No. L009119, but must at minimum seek to stay that action. *See Am River Trans. Co. v. Ryan*, 579 F.3d 820, 826 (7th Cir. 2009) (holding that "a suitor can maintain her preexisting state claim so long as she stays the suit during the pendency of the Limitation Act proceedings").

If the Vandenbergs fail to comply with this Order, RQM, LLC may renew its request to enjoin the Vandenbergs' newly filed state court action, *see, e.g.*, *In re Paradise Holdings, Inc.*, 795 F.2d 756, 761-62 (9th Cir. 1986), and/or may seek to enforce the Injunction through civil contempt proceedings. *See, e.g.*, *In re MJK Clearing, Inc.*, 241 F.R.D. 491, 494 (N.D. Ill. 2007) ("In federal court, a party who seeks to enforce an injunction may do so through civil contempt proceedings.").